**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LE COUNT P. SCOTT, | No. 09-55207 |
| Plaintiff - Appellee, | D.C. No. 2:07-cv-07856-MMM-AJW |
| v. | |
| CITY OF PASADENA; et al., | MEMORANDUM[*] |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted April 5, 2010[**]
Pasadena, California

Before: KOZINSKI, Chief Judge, D.W. NELSON, Circuit Judge, and GERTNER,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Nancy Gertner, United States District Judge for the District of Massachusetts, sitting by designation.

Defendants appeal from the district court's denial of their motion for summary judgment. They assert that plaintiff's claim of excessive force is barred by his prior conviction under California Penal Code § 148(a)(1). See Heck v. Humphrey, 512 U.S. 477, 487 (1994); Smith v. City of Hemet, 394 F.3d 689, 693 (9th Cir. 2005) (en banc). Because the district court's denial of summary judgment on this claim is not an appealable collateral order, we lack jurisdiction and must dismiss. Cunningham v. Gates, 229 F.3d 1271, 1284–85 (9th Cir. 2000).

Defendants also claim the district court erred by denying summary judgment based on qualified immunity. The district court determined that a reasonable jury could find that the arresting officer "threw [plaintiff] to the ground after he had been effectively subdued, causing his leg to break." [Order at 23] Defendants do not claim that a reasonable officer would believe such conduct to be constitutional; they claim the evidence doesn't support the district court's conclusion. We lack jurisdiction to review the denial of a motion for qualified immunity on an interlocutory appeal "when the basis for the defendant's motion is that the evidence in the pretrial record is insufficient to create a genuine issue of fact." Watkins v. City of Oakland, 145 F.3d 1087, 1091 (9th Cir. 1998) (quoting Armendariz v. Penman, 75 F.3d 1311, 1317 (9th Cir. 1996)). Defendants' challenge to the district court's reliance on plaintiff's affidavit does not transform this factual issue into a

2

question of law; whether an affidavit is a sham is a question of fact.  See <u>Kennedy</u>

v. <u>Allied Mut. Ins. Co.</u>, 952 F.2d 262, 267 (9th Cir. 1991).

Because we lack jurisdiction to review defendants' claims, this appeal must

be dismissed.

**DISMISSED.**